1   DESAI LAW FIRM, P.C.
    Aashish Y. Desai, Esq. (SBN 187394)
2   Adrianne De Castro, Esq. (SBN 238930)
    3200 Bristol Street, Suite 650
3   Costa Mesa, CA 92626
    Telephone: (949) 614-5830
4   Facsimile: (949) 271-4190
    aashish@desai-law.com; adrianne@desai-law.com
5
6   Attorneys for Plaintiff, SUSAN COBURN, individually
    and on behalf of all others similarly situated
7
8
                **UNITED STATES DISTRICT COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10
11
    SUSAN COBURN, individually, and          )   CASE NO.
12  on behalf of all others similarly        )
    situated,                                )
13                                           )   **CLASS ACTION COMPLAINT**
            Plaintiffs,                      )   **FOR:**
14                                           )
        v.                                   )
15                                           )   **(1)  VIOLATION OF CONSUMER**
    TOM'S OF MAINE, INC., and DOES           )        **LEGAL REMEDIES ACT;**
16  1 through 10, inclusive,                 )
                                             )
17          Defendants.                      )   **(2)  UNFAIR BUSINESS**
                                             )        **PRACTICES;**
18                                           )
                                             )
19                                           )   **(3)  VIOLATIONS OF FALSE**
                                             )        **ADVERTISING LAWS; AND**
20                                           )
                                             )
21                                           )   **(4)  FRAUD**
                                             )
22                                           )
                                             )
23                                           )   **JURY TRIAL DEMANDED**
                                             )
24  _____ )
25
26
27
28

                              1

## INTRODUCTION

Plaintiff SUSAN COBURN, by and through her attorneys, brings this nationwide and California class action on behalf of herself, all others similarly situated and the general public ("Plaintiff") against Defendant TOM'S OF MAINE, INC. ("TOM'S" or "Defendant"). The Court has original jurisdiction over Plaintiff's and Class Members' claims under the Class Action Fairness Act of 2005. 28 U.S.C. § 1367.

## NATURE OF THE ACTION

1. Defendant TOM'S has sold and continues to sell and market Tom's Toothpaste ("Products") as "all natural" and boasts that it contains only "natural" ingredients when it does not.

2. TOM'S claims about its products are false, misleading, reasonably likely to deceive the public, and constitute an unfair business practice. In fact, the Products contain chemically processed ingredients like xylitol and sodium lauryl sulfate ("SLS") – ingredients that are not "natural." Xylitol is produced from a complex chemical process that involves the use of charcoal, phosphoric acid, calcium oxide and sulfuric acid. SLS is also a chemically-processed ingredient that is mixed with a fatty alcohol before it is converted into its final form. Thus, neither xylitol nor SLS are "natural" ingredients.

3. Based on these false claims about the contents of its ingredients, Defendant has profited from its false and misleading advertising.

4. Plaintiff brings this class action on behalf of herself and other similarly situated consumers nationwide, to enjoin Defendant's ongoing deceptions, correct the false and misleading perception it has created in the minds of consumers. Plaintiff also requests restitutionary disgorgement and/or monetary damages resulting from Defendant's false and misleading claims.

## THE PARTIES

5. Plaintiff SUSAN COBURN ("Plaintiff") is, at all relevant times, a resident of California. Plaintiff purchased Defendant's product in California from Defendant and suffered injury in fact, and lost money as a result of the unfair competition described above within the last four years.

6. Defendant TOM'S is a citizen of, and maintains its principal place of business in Kennebunk, Maine.

7. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. At all times relevant to this Complaint, Defendants, including the fictitiously named defendants, were the servants, employees, joint employers, integrated employers, alter egos, successors-in-interest, subsidiaries, affiliated companies or corporations, and joint venturers of the other Defendants, and were, as such, acting within the course, scope and authority of each other Defendant. Furthermore, each of the Defendants, including the DOE defendants, acted in concert with, and with the consent of, each of other Defendants, and that each of the Defendants, and that each of the Defendants ratified or agreed to accept the benefit of the conduct of each of the Defendants. Plaintiff will set forth the true names and capacities of these defendants when they have been ascertained, as may be necessary.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.00 and is a class action in which more than 100 members of the Class of Plaintiffs are citizens of states different from Defendants.

1    Further, greater than two-thirds of the Class members reside in states other than the

2    states in which Defendants are citizens.

3         9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that

4    many of the acts and transactions giving rise to this action occurred in this district

5    and because Defendant: (a) is authorized to conduct business in this district and has

6    intentionally availed itself of the laws and markets within this district though the

7    promotion, marketing, distribution and sale of its products in this district; (b) does

8    substantial business in this district; and (c) is subject to personal jurisdiction in this

9    district.  Plaintiff has filed concurrently herewith the declaration of venue required

10    by Civil Code Section 1780(d) for the Consumer Legal Remedies Act claims.

11    (Exhibit A.)

12                    **FACTUAL ALLEGATIONS**

13         10.    TOM's claims to be a good corporate citizen.  Indeed, this is the major

14    thrust of its marketing campaign: "At Tom's of Maine, we believe you shouldn't

15    have to choose between effectiveness and a naturally healthy life.  For over 45

16    years, we've searched the world for ingredients and combined them in fresh new

17    ways to create natural products that work."  *See* www.tomsofmaine.com (last

18    visited May 28, 2020).

19         11.    TOM'S liberal use of the word "natural" in both its name and content

20    is deliberate.  Tom and Kate Chappel "moved to Maine from Philadelphia in 1968,

21    looking for a healthier, simpler life for their growing family.  They discovered the

22    benefits of natural and unprocessed food and started looking for the same qualities

23    in personal care products.  But all they found were labels listing artificial flavors,

24    fragrances, sweeteners, colors and preservatives.  So they decided to create their

25    own." Tom and Kate Chappell, Co-Founders.

26         12.    TOMS's goes on to state that "[s]ince 1970, our mission has been to

27    help people live a more natural life." *See* http://www.tomsofmaine.com/.  In other

28    words, TOMS's sells a lifestyle as much as anything else.  It relies upon its value

1   system of producing and selling only "natural" products.    And its customers
2   certainly rely upon this representation.

3        13.    TOM'S manufactures, markets and advertises that its Toothpaste is all
4   natural; however, its Toothpaste actually contains chemically-processed
5   ingredients.

6        14.    The word "natural" is prominently displayed on the front of the label
7   and is clearly intended to induce customers to not only rely upon this representation
8   but also used to separate its product from the competition.    Thus, Defendant's
9   product creates the impression that it is all natural when it is not.

10       15.    Plaintiff relied upon this representation.    She would not have bought
11  this product nor would she have paid the supra-competative price if she had known
12  that Defendant's "natural" representation was false and misleading.

13       16.    Defendant's website also makes similar misrepresentations.    For
14  example, it states that all of their products are "natural" and tout the natural taste
15  and smell of herbs, fruits and flowers – or no fragrance at all.    But xylitol and SLS
16  are not natural.

17       17.    Plaintiff purchased and used Defendant's Toothpaste in reliance on the
18  "natural" claims.    She would not have purchased this product had she known the
19  truth regarding Defendant's claims.    Plaintiff has thus suffered injury-in-fact and
20  damage, including but not limited to, the purchase price of the product.

21       18.    Defendant sells its toothpaste for approximately $4.79 to $7.99 per
22  tube based on the preceding false and/or misleading claims.    As a result, Defendant
23  has wrongfully made and retained millions of dollars in profits from California
24  consumers alone.

25                      **CLASS ACTION ALLEGATIONS**

26       19.    Plaintiff brings this lawsuit on behalf of the proposed Class Members
27  under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.    Specifically,
28  Plaintiffs bring a nationwide Rule 23(b)(2) fraud class for injunctive relief.

5

The proposed nationwide 23(b)(2) Class consists of:

> **All persons who purchased Tom's of Maine Toothpaste in the United States for personal use (the "Class").**

Plaintiff requests a subclass:

> **All persons who purchased in California Tom's of Maine Toothpaste for personal use at any time during the four years preceding the filing of this Complaint (the "Sub-Class").**

20.    Excluded from the Classes are governmental entities, Defendant, any entity in which defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

21.    **Numerosity:**  The proposed Class and Sub-Class comprise many tens of thousands of consumers throughout California and the United States, and, therefore, is so numerous that individual joinder of all its members is impracticable.  While the exact number and identities of the Class Members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

22.    **Common Questions of Law and Fact:**  There are questions of law and fact common to the Class and Sub-Class.  The common questions include:

a.    Whether Defendant's toothpaste is natural;

b.    Whether Defendant omitted material facts surrounding its toothpaste;

c.    Whether the false statements were intended to deceive the public;

d.    Whether the class is entitled to injunctive relief;

e.   Whether Defendant had any support for its claims prior to making them;

f.   Whether the claims are true, misleading, or reasonably likely to deceive;

g.   Whether Defendant falsely represented that its product has characteristics, ingredients, uses, benefits, or quantities that it does not have;

h.   Whether Defendant labeled its product in a way that is misleading, or likely to mislead, in a material respect;

i.   Whether Defendant fraudulently induced customers to purchase its toothpaste;

j.   Whether Defendants continued to sell its toothpaste after knowing the preceding facts;

k.   Whether Plaintiff, Class, and Sub-Class have sustained monetary loss and the proper measure of that loss;

l.   Whether the Class and Sub-Class members are entitled to declaratory and injunctive relief.

23.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class and Sub-Class. Plaintiff and all members of the Class and Sub-Class have been similarly affected by Defendant's common course of conduct since they all were subject to the common advertising campaign and reasonably relied on Defendant's representations (and are presumed to have relied upon the material omissions) concerning its product, and, in fact, purchased the product based on those representations.

24.   **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation.

1  Plaintiff and his counsel are committed to vigorously prosecuting this action on

2  behalf of the Class and Sub-Class and have the financial resources to do so.

3      25.  **Superiority of Class Action:**  Plaintiff and the members of the Class

4  and Sub-Class suffered, and will continue to suffer, harm as a result of Defendant's

5  unlawful and wrongful conduct.  A class action is superior to other available

6  methods for the fair and efficient adjudication of the present controversy.

7  Individual joinder of all members of the class is impracticable.  Even if individual

8  class members had the resources to pursue individual litigation, it would be unduly

9  burdensome to the courts in which the individual litigation would proceed.

10  Individual litigation magnifies the delay and expense to all parties in the court

11  system of resolving the controversies engendered by Defendants' common course

12  of conduct.  The class action device allows a single court to provide the benefits of

13  unitary adjudication, judicial economy, and the fair and efficient handling of all

14  class members' claims in a single forum.  The conduct of this action as a class

15  action conserves the resources of the parties and of the judicial system and protects

16  the rights of the class members.  Furthermore, for many, if not most, a class action

17  is the only feasible mechanism that allows an opportunity for legal redress and

18  justice.

19      26.  Adjudication of individual Class Members' claims with respect to the

20  Defendant would, as a practical matter, be dispositive of the interests of other

21  members not parties to the adjudication, and could substantially impair or impede

22  the ability of other class members to protect their interests.

23      27.  Unless a class is certified, Defendant will retain monies received as a

24  result of their conduct that was taken from tens of thousands of consumers

25  throughout the United States.  Unless a classwide injunction is issued, Defendant

26  will continue to commit the violations alleged, and the members of the Class, Sub-

27  Class, and the general public will continue to be misled.

28

28.    Defendant has acted and refused to act on grounds generally applicable to the Class and Sub-Class, making appropriate final injunctive relief with respect to the Class and Sub-Class -- as a whole.

## COUNT ONE

### VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT
### (California Sub-Class)

29.    Plaintiff incorporates by this reference the proceeding allegations as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

30.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, et seq. (the "Act").    Plaintiff is a consumer as defined by California Civil Code § 1781(d).    The product is a good within the meaning of the Act.

31.    Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Sub-Class which were intended to result in, and did result in, the sale of its Product:

(5)    Representing that it has ... characteristics ... uses [or] benefits ... which it does not have ....

(7)    Representing that it is of a particular standard, quality or grade ... if it is of another.

(9)    Advertising goods ... with intent not to sell them as advertised.

(16)    Representing that the product has been supplied in accordance with a previous representation when [it has] not.

32.    Defendant violated the Act by making claims, through its advertisements, about its Product that it knew, or should have known, were unsubstantiated, false and misleading.

9

33.    Pursuant to § 1782 of the Act, Plaintiff has notified the Defendant in writing by certified mail of the particular violations of § 1770 of the Act and demand that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to act. (Exhibit B.)

34.    Pursuant to California Civil Code § 1782(d), Plaintiff and the Sub-Class seek an order enjoining the above-described wrongful acts and practices of the Defendant and for restitution and disgorgement.

35.    If Defendant fails to rectify or does not agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within thirty days of the written notice pursuant to § 1782 of the Act, Plaintiff will seek to amend his claims to seek actual, punitive and statutory damages, as appropriate.  Defendant's conduct is malicious, fraudulent and wanton and provides misleading information to the Plaintiff, Sub-Class members and the general public.

## COUNT TWO

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, et seq.
### (On Behalf of The California Sub-Class)

36.    Plaintiffs incorporate by this reference the proceeding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

37.    California Business & Professions Code § 17200 prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

38.    California Business & Professions Code § 17200 also prohibits any "unlawful … business act or practice."  Defendant has violated § 17200's probation against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and

1  violating California Civil Code §§ 1572, 1573, 1709, 1710, 1711, 1770, Business &

2  Professions Code § 17200 et seq., 21 U.S.C. § 343, and the common law.

3      39.   Plaintiff and the Sub-Class reserve the right to allege other violations

4  of law that constitute other unlawful business acts or practices. Defendant's

5  conduct, specifically its false and misleading advertising and marketing of

6  Complete Care, is ongoing and continues to this date.

7      40.   Defendant's acts, omissions, misrepresentations, practices and

8  nondisclosures as alleged herein also constitute "unfair" business acts and practices

9  within the meaning of Business & Professions Code § 17200 et seq. in that its

10  conduct is substantially injurious to consumers, offends public policy, and is

11  immoral, unethical, oppressive, and unscrupulous as to gravity of conduct that

12  outweighs any alleged benefits attributable to such conduct.

13      41.   As stated in this Complaint, Plaintiff alleges violations of consumer

14  protection, unfair competition and truth in advertising laws in California and other

15  states resulting in harm to consumers. Plaintiff asserts violation of the public policy

16  of engaging in false and misleading advertising, unfair competition and deceptive

17  conduct towards consumers. This conduct constitutes of violations of the unfair

18  prong of California Business & Professions Code § 17200 et seq.

19      42.   There were reasonably available alternatives to further Defendant's

20  legitimate business interests, other than the conduct described herein.

21      43.   Business & Professions Code § 17200 also prohibits any "fraudulent

22  business act or practice."

23      44.   Defendants' claims, nondisclosures and misleading statements, as

24  more fully set forth above, were false, misleading and/or likely to deceive the

25  consuming public within the meaning of Business & Professions Code § 17200.

26      45.   Defendant's conduct caused and continues to cause substantial injury

27  to Plaintiff and the other Sub-Class members. Plaintiff has suffered injury in fact

28  and has lost money as a result of the Defendant's unfair conduct.

46.    Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff to judgment and equitable relief against Defendant as set forth in the Prayer for Relief.

47.    Additionally, pursuant to Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

### COUNT THREE

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, et seq.
### (On Behalf Of The California Sub-Class)

48.    Plaintiff incorporates by this reference the proceeding allegations as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

49.    Business & Professions Code § 17500 provides that it is unlawful for any person, firm, corporation, or association, or any employee thereof to intentionally directly, or indirectly perform services, professional or otherwise, or to induce the public to enter into any obligation relating thereto, to make or disseminate in any manner any statement which is untrue or misleading, or which, by the exercise of reasonable care should be known to be untrue or misleading.

50.    Throughout the time Defendant marketed and sold its Product, Defendant has committed acts of untrue and misleading advertising as defined by Business and Professions Code § 17500, by claiming that its Product is all natural when it is not.  Defendant made these statements and claims with the intent to induce members of the public to purchase its Product.  Indeed, these statements have a "tendency to deceive" a reasonable person from an objective standpoint.

51.    These acts of untrue and misleading advertising by Defendant present a continuing threat to members of the public in that they mislead, and are likely to

12

1  mislead, the public into believing that its toothpaste is all natural and does not
2  contain chemically-processed ingredients.

3      52.    Defendant's conduct was unfair, unlawful, or fraudulent, as described
4  herein, and presents a continuing threat to members of the public in that its
5  toothpaste is not all natural and in fact contains ingredients that are synthetically
6  produced.    Thus, consumers are paying for a product that is not as advertised.
7  Plaintiff has no other adequate remedy of law to correct this misleading advertising.

8      53.    Wherefore, Plaintiff prays for the relief as set forth hereinafter.

## COUNT FOUR
### FRAUD
### (Nationwide for Injunctive Relief Only)

12      54.    Plaintiff incorporates by this reference the proceeding allegations as if
13  fully set forth herein and, to the extent necessary, plead this cause of action in the
14  alternative.

15      55.    As alleged herein, Plaintiff alleges that Defendant has made at least the
16  following uniform material misrepresentations to Plaintiff and the Class:
17  Defendant claims that its Product is all natural and does not contain synthetic
18  ingredients.

19      56.    In 2014, separate class actions were brought a number of consumers
20  challenging Tom's use of the word "natural" on the products at issue here.

21      57.    While Tom's paid up to $4.5 million to resolve those cases, the deal
22  allowed Tom's to keep using "natural" to market its products.    Thus, Defendant
23  knows that using the word "natural" is both misleading and profitable.

24      58.    Defendant acted fraudulently and deceitfully with knowledge that
25  Plaintiffs and the Class would rely on their actions and omissions.  Defendant made
26  the material representations and/or concealed material facts to induce the Plaintiff
27  and the Class to act in reliance on the misrepresentations and statements.

28

59.   In purchasing the Defendant's product, Plaintiff and the Class Members relied on the representations of the Defendants and had no reason to doubt or dispute those representations.   Indeed, due to the uniformity of the representations to all Class Members, Plaintiff and the Class at all times are presumed to have reasonably and justifiably relied both directly and indirectly on the actions and representations of the Defendant.

60.   As a direct and proximate result of Defendant's fraud, Plaintiff and the Class have suffered actual damages in an amount not presently known, but has acted on grounds applicable to all purchasers of all relevant products.

61.   Pursuant to Rule 23(b)(2), the Defendant has adopted a pattern and policy that is likely to be the same as to all Class Members because its misrepresentations on its Product's labels and advertising are made to the Class Members who are all purchasers of the product.

62.   The driving force behind this class action is a desire to enjoin the Defendant's false and misleading advertising.   Given that it is unlikely that any named Plaintiff or Class Member will recover more than a few dollars, the Court may presume that the Plaintiffs are primarily interested in injunctive relief. Furthermore, it is proper to apply the laws of 50 states to the nationwide Rule 23(b)(2) fraud class. Although manageability concerns may preclude a nationwide Rule 23(b)(3) fraud class, the Ninth Circuit has held that Rule 23(b)(2) does not require a determination of manageability.

63.   Moreover, there are fewer manageability issues when the Court, rather than the jury, applies differing legal standards. The Court, rather than the jury, will apply the laws of the 50 states in this claim for injunctive relief. Similarly, there is no requirement that common issues predominate for a Rule 23(b)(2) class. It is sufficient if class members complain of a pattern or practice, as here, that is generally applicable to the class as a whole.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff and members of the Class and Sub-Class request that the Court enter an order or judgment against Defendant as follows:

1.    Certification of a nationwide Rule 23(b)(2) fraud Class for injunctive relief;

2.    Certification of a California Rule 23(b)(3) for all other claims;

3.    Awarding Plaintiff and the proposed Sub-Class members damages;

4.    Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Sub-Class members;

5.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing the Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

6.    For compensatory, general, statutory, exemplary, and any other damages legally available according to proof on certain causes of action;

7.    For both pre- and post-judgment interest at the maximum allowable rate on any amounts recovered;

8.    For litigation costs of the proceedings herein;

9.    Reasonable attorneys' fees and costs; and

10.    Providing such further relief as may be just and proper.

1    Date: June 8, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DESAI LAW FIRM, P.C.

By _____
    Aashish Y. Desai, Esq.
    M. Adrianne De Castro, Esq.

    Attorneys for Plaintiffs, Individually
    and on behalf of all others similarly
    situated

16

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit to the extent authorized by law.

Date:  June 8, 2020                                DESAI LAW FIRM, P.C

By _____
Aashish Y. Desai, Esq.
M. Adrianne De Castro, Esq.
Attorneys for Plaintiffs, Individually and on behalf of all others similarly situated

# EXHIBIT A

## DECLARATION OF SUSAN COBURN

I, Susan Coburn, declare as follows:

1.     I am a Plaintiff in this action and am a citizen of the State of California.  I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.     The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Orange County is a county in which Plaintiff resides.

3.     I purchased Tom's of Maine toothpaste within the past year.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on 6/8/2020_____, in Brea, California.

DocuSigned by:

Susan Coburn

# EXHIBIT B

**DESAI LAW FIRM,** ᴾᶜ·

SMART. DEDICATED. EFFECTIVE.

*Aashish Y. Desai – Managing Partner*
*www.desai-law.com | aashish@desai-law.com*

June 8, 2020

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Tom's of Maine
Attn: Legal Department
2 Storer Street, Suite 302
Kennebunk, ME 04043

     *Re:*   *Ongoing Violations of the California Legal Remedies Act*

To Whom It May Concern:

     Please give this letter your complete and immediate attention.

**I.**    **Introduction**

     I am writing on behalf of Susan Coburn and a class of similar situated persons, to advise you that the above-referenced party ("Defendant") has violated and continues to violate the California Consumer Legal Remedies Act ("CLRA").

**II.**    **Factual Background**

     Defendant profits from the marketing, advertising, and distribution of its "Natural" Toothpaste. In fact, your Toothpaste contains chemically-processed ingredients like xylitol and sodium lauryl sulfate ("SLS") – ingredients that are not "natural." Xylitol is produced from a complex chemical process that involves the use of charcoal, phosphoric acid, calcium oxide and sulfuric acid. SLS is also a chemically-processed ingredient that is mixed with a fatty alcohol before it is converted into its final form. Thus, both xylitol and SLS are not "natural" ingredients.

**III.**    **Summary of Violations**

     Defendant's conduct violates the California Consumer Legal Remedies Act by, without limitation:

---

Tom's of Maine
Attn: Legal Department
*Re: CLRA Notice*
June 8, 2020
Page 2

---

1.      Falsely claiming that its Toothpaste is all natural when it is not;

2.      Falsely claiming that its Toothpaste has characteristics, uses, and benefits which it does not have;

3.      Falsely representing that its Toothpaste is of a particular, quality, or grade;

4.      Fraudulently inducing consumers to purchase its Toothpaste;

5.      Placing its Toothpaste for sale to the general public when it does not materially conform to the product's advertisements;

6.      Labeling its Toothpaste in a way that is misleading in material respects; and

7.      Creating a likelihood of confusion regarding the word "natural" in conjunction with the sale of its Toothpaste.

## IV.    Demand for Relief

By the time you receive this letter, we will have filed a lawsuit seeking individual, representative, and class relief. We intend to seek monetary damages under the CLRA unless the Defendant does the following within 30 days after receiving this notice:

1.      Agrees to irrevocably stop all false and misleading advertising of its Toothpaste;

2.      Identifies consumers who purchased its Toothpaste within the applicable limitations period and provide these consumers with appropriate refunds;

3.      Disgorges all revenues from sales of its Toothpaste for which the purchasers cannot be identified; and

4.      Implements an appropriate corrective advertising campaign, inclusive of a disclaimer.

## V.    Offer of Compromise

If Defendant agrees to a stipulated injunction that includes an appropriate labeling disclaimer within 30 days from the date of this letter, we will agree to take no further action in this matter nor make any further claim for injunctive relief unrelated to the terms of the stipulated injunction.

Tom's of Maine
Attn: Legal Department
*Re: CLRA Notice*
June 8, 2020
Page 3

_____

If Defendant will not agree to this, we will amend the current complaint in the lawsuit and will seek all the requested relief available under the CLRA and other applicable law, including monetary damages, injunctive relief, statutory penalties, restitution, and attorneys' fees.

Please contact me if you would like to discuss this matter.

Very truly yours,

_/s/ Aashish Y. Desai_
Aashish Y. Desai
DESAI LAW FIRM, P.C.

AYD:sn